### CITY OF DETROIT v. GOODMAN

1. EMINENT DOMAIN—REMEDIES OF CONDEMNOR—REFUSAL OF POSSESSION BY CONDEMNEE—WRIT OF ASSISTANCE—EXCLUSIVITY OF REMEDY.

    A writ of assistance to put condemnor into possession of condemned property is not condemnor's exclusive remedy where condemnee resists or refuses the taking of possession of the property by proper authorities.

2. EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—REMEDY OF CONDEMNOR—ASSUMPSIT PROPRIETY.

    Action of assumpsit against condemnee by condemnor for use and occupation of property owned by condemnor is proper

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 6 Am Jur 2d, Assistance, Writ of § 5.

where condemnee refuses to surrender possession of the property to condemnor.

Appeal from Wayne, John M. Wise, J. Submitted Division 1 December 10, 1968, at Detroit. (Docket No. 4,937.)  Decided June 25, 1969.

Complaint by the city of Detroit, a municipal corporation, against Sam Goodman, Albert Goodman, and Hyman Goodman, doing business as Goodman Brothers Real Estate, for rent due to plaintiff for defendants' holding over after condemnation of defendants' property by plaintiff for the period in excess of 60 days after the judgment of condemnation before vacation of the premises by defendants. Judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Robert Reese,* Corporation Counsel, and *Harold Hood,* Assistant Corporation Counsel, for plaintiff.

*Travis, Warren, Nayer & Burgoyne* (*Richard A. Cogan,* of counsel), for defendants.

Before: McGREGOR, P. J., and FITZGERALD and CYNAR,* JJ.

McGREGOR, P. J.  Plaintiff became the owner of defendants' property by way of condemnation, but defendants did not vacate the premises for six months and did not pay monthly rent pursuant to notice given by plaintiff shortly after the condemnation in June, 1962.  Plaintiff filed an assumpsit action in the Detroit Common Pleas Court for use

---

* Circuit Judge sitting on the Court of Appeals by assignment.

and occupation of the premises; however, the court dismissed the action after argument, on defendants' motion for directed verdict, reasoning that since defendants did not specifically agree to pay rent, plaintiff's only remedy was by a writ of assistance to secure possession of the property. The Wayne county circuit court affirmed, stating that a writ of assistance in Recorder's Court was the exclusive remedy. The relevant portion of the Detroit Charter, Title VIII, Chapter I, § 16, contains the following language:

*"In case of resistance or refusal on the part of anyone to the council or its agents and servants entering upon and taking possession* of such private property for the use and purpose for which it was taken at any time after the amount of the compensation aforesaid is actually in the treasury ready to be paid to those entitled thereto, the council, by the corporation counsel, *may* apply to the court, and *shall* be entitled on making sufficient showing, to a writ of assistance to put the city in possession of the property." (Emphasis added.)

The issue presented is whether a writ of assistance in Recorder's Court was plaintiff's exclusive remedy, and, therefore, the Common Pleas Court was without jurisdiction to consider the assumpsit action.

Our reply to that question is no. Plaintiff, as title holder of the condemned property, could file in assumpsit and on the common counts for use and occupation of the land. Our interpretation of the charter provision, specifically the word "may", does not deem a writ of assistance the exclusive remedy in this matter. Plaintiff was pursuing an available remedy in the Common Pleas Court and therefore, the dismissal was error.

Reversed and remanded for proceedings consistent with this opinion.

FITZGERALD, J., concurred.

CYNAR, J. *(dissenting)*.

The City Charter grants to the Recorder's Court exclusive jurisdiction over the entire condemnation proceeding, including determination of condemnor's right to possession, a writ of assistance being the exclusive remedy. The opinion of the Wayne County Circuit Court affirming the Common Pleas Court of Detroit should be affirmed.